UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KARA HOCHREITER AND SCOTT HOCHREITER,

                Plaintiff,           11-CV-6236

       v.                            **DECISION**
                                                 **and ORDER**
HP HOOD LLC,

                Defendants.
_____

## INTRODUCTION

Plaintiffs, Kara and Scott Hochreiter ("Plaintiffs"), bring this action against Defendant, HP Hood LLC, seeking damages for personal injury resulting from Plaintiff, Kara Hochreiter's consumption of cheese tainted with Listeria monocytogenes, which was allegedly produced and/or distributed by Defendant, HP Hood LLC ("Defendant"). See Compl. ¶¶ 4-9. Plaintiff, Scott Hochreiter, also seeks compensation for loss of services from his wife, Kara. Compl. ¶ 13. Plaintiffs filed the instant action in New York State Supreme Court, Monroe County, on March 28, 2011, and Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a), asserting diversity of citizenship and an amount in controversy exceeding $75,000 under 28 U.S.C. § 1332 (a)(1). See Declaration of Tracey B. Ehlers ("Ehlers Declaration") at ¶¶ 2, 6 (Docket #10).

Plaintiffs now move to remand the case to New York State Supreme Court, contending that the amount in controversy does not

exceed $75,000. See Declaration of Mary Moorman Penn, Esq. ("Moorman Declaration") (Docket #7). Plaintiffs' Complaint does not specify the amount of damages sought, but states that Plaintiffs seek damages "in an amount to be determined upon the trial of this action" for the "severe sickness," "severe and permanent bodily injuries," and "great pain and suffering and disability," allegedly caused by the consumption of the tainted cheese, and for Plaintiff, Scott Hochreiter's loss of services. See Compl. at ¶¶ 9, 13. Plaintiffs now attach to their motion an affidavit, in which they attest that "the damages that are sought...do not exceed the sum of $75,000, exclusive of interest and costs." See Affidavit of Kara Hochreiter and Scott Hochreiter at ¶ 4 (Docket #7).

Defendant opposes Plaintiffs' motion, arguing that Plaintiffs have not sufficiently shown that the amount in controversy will not exceed $75,000, to divest this Court of jurisdiction. This Court agrees. Therefore, for the reasons set forth below, this Court denies Plaintiffs' Motion for Remand.

## DISCUSSION

28 U.S.C. § 1332 (a)(1) confers jurisdiction upon United States district courts where there is diversity of citizenship and "where the matter in controversy exceeds the sum or value of $75,000." The party invoking federal jurisdiction is required to show, in the first instance, that "it appears to a 'reasonable

probability' that the claim is in excess of the statutory jurisdictional amount." See Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2nd Cir. 1994). Thereafter, the party opposing federal jurisdiction may move for remand however, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." See id.(quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).

This district has previously considered the question of whether dismissal is appropriate where the amount in controversy is not taken from the Complaint, but from the defendant's estimate of the potential recoverable damages in the removal papers. See PRN Pharmaceuticals, Inc. v. Managed Prescription Network, Inc., 933 F.Supp. 234, 235-6 (W.D.N.Y. 1996)(Curtin, J.). In that case, the Court found that Defendant established to a "reasonable probability" that the amount in controversy exceeded the statutory requirement. See id. (citing Tongkook, 14 F.3d at 785, and St. Paul, 303 U.S. at 290). The Court so held, in spite of the fact that Plaintiff supplied an affidavit stating that, in its viewpoint, the amount in controversy was less than the statutory minimum. Id. The Court held that because the plaintiff's affidavit did not show "to a legal certainty that the jurisdictional amount cannot be recovered," remand was not warranted. Id.

Here, Plaintiffs have not alleged a specific amount of damages in the Complaint, but they have supplied an affidavit in which they attest that they are seeking damages less than $75,000. Defendant argues that Plaintiffs' affidavit is insufficient to establish to a "legal certainty" that the jurisdictional amount is not recoverable. This Court agrees.

Plaintiffs are seeking damages for the "severe sickness," "severe and permanent bodily injuries," and "great pain and suffering and disability," allegedly caused by the consumption of the tainted cheese; and for Plaintiff Scott Hochreiter's loss of services. See Compl. at ¶¶ 9, 13. It is reasonably probable that a jury could award Plaintiffs damages in excess of $75,000 for the alleged injuries. Further, Plaintiffs have not pointed to any statutory or other limit on recoverable damages, which would lead this Court to conclude that they could not legally recover more than $75,000. While Plaintiffs attest that they are not seeking damages greater than the statutory amount, this fact does not divest this Court of jurisdiction to hear the case.

## **CONCLUSION**

Therefore, this Court finds that Defendant has established to a reasonable probability that the amount in controversy exceeds $75,000. Further, this Court finds that Plaintiff has not established to a legal certainty that such an amount is not legally recoverable. Accordingly, Plaintiffs' Motion for Remand is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   Rochester, New York
         June 23, 2011